IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY PATRICK ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1543-G-BN |
| | § | |
| RUDOLF WILLIAMS RUTH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. Because the facts alleged by Plaintiff Gregory Patrick Ortiz are clearly baseless, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

While incarcerated in the Texas Department of Criminal Justice, Ortiz filed a complaint against two individuals alleging that the defendants are trying to kill him with an iPod. *See, e.g.,* Dkt. No. 3 at 1 (alleging that an unspecified individual "comes around witchcraft or [unintelligible] or alien and confines me and touches me with the ipod swivels me to death with it tells me he gonna take my stomach out and he does seriously and I walk to the lunch room in the morning with a stomach [ache].").

**Legal Standards and Analysis**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

>   as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Ortiz fails to present a logical set of facts to support any claim for relief. Because his complaint contains only allegations that are wholly based on delusional or fanciful scenarios, summary dismissal is warranted.

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE